IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANDERA DWAYNE HOMER, #10083463, § | | |
| AKA Andre Homer, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | 3:10-CV-2588-M (BK) | |
| § | | |
| UNIDENTIFIED OFFICERS, § | | |
| Defendants. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred for pretrial management.

**I. BACKGROUND**

Plaintiff, a pretrial detainee at the Dallas County Jail, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241, complaining of illegal pretrial detention, conspiracy, and violation of civil rights in connection with his state criminal prosecution. *See Homer v. State of Texas*, 3:10-CV-2549-M (BK) (N.D. Tex. filed Dec. 14, 2010). In light of his *pro se* status, the Court severed any claims asserting civil rights violations stemming from his alleged false arrest and imprisonment, denial of *Miranda* warnings, and re-imprisonment due to an insufficient bond. *See Nubine v. Thaler,* 2010 WL 3681033, at *1-2 (5th Cir. 2010) (unpublished *per curiam*) (citing *Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 463-64 (5th Cir. 1998)) (where habeas petition contains both habeas and civil rights claims, the district court should sever the civil rights claims and address them). The Court then granted Plaintiff thirty days to submit a complaint on the appropriate civil rights complaint form, and a certificate of his inmate trust

account. *See* Notice of Deficiency and Order filed December 21, 2011 (Doc. 4). As of the date of this recommendation, Plaintiff has failed to respond to the deficiency order or seek an extension of time to do so.

## II. ANALYSIS

Rule 41(b), of the Federal Rules of Civil Procedure, allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Plaintiff has been given ample opportunity to respond to the Court's deficiency order. He has impliedly refused or declined to do so. Therefore, this action should be dismissed without prejudice for lack of prosecution. *See* FED. R. CIV. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified).[1]

---

[1] Since Plaintiff's alleged civil rights violations stem from his June 2010 arrest and November 2010 re-incarceration, the two-year statute of limitations is not implicated and the Court need not apply the higher standard for dismissal with prejudice for want of prosecution. *See Callip v. Harris County Child Welfare Department*, 757 F.2d 1513, 1519 (5th Cir. 1985).

## III.  RECOMMENDATION

For the foregoing reasons, the District Court should **DISMISS** this action without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b), and **DENY** the motion to proceed *in forma pauperis* (Doc. 2) as moot.

SIGNED February 7, 2011.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE